```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                      :   Chapter 15
                                           :
ARMADA (SINGAPORE) PTE. LTD.,              :   Case No. 09-10105 (JMP)
                                           :
          Debtor in a                      :
          Foreign Proceeding.              :
                                           :
                                           :
-----------------------------------------------------------x
```

**ORDER TO SHOW CAUSE WHY PROVISIONAL RELIEF SHOULD NOT BE GRANTED PENDING PETITION PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1515, 1517, 1519, 1520 AND 1521 FOR ENTRY OF AN ORDER RECOGNIZING FOREIGN MAIN PROCEEDING AND GRANTING FURTHER RELIEF AND ADDITIONAL ASSISTANCE AND TEMPORARY RESTRAINING ORDER**

Upon the Application of the Board of Directors of Armada (Singapore) Pte. Ltd. ("Armada Singapore" or the "Foreign Debtor"), the duly appointed representative (the "Foreign Representative" or "Petitioner"), for *ex parte* and provisional relief (the "Application")[1] the Petition and Verified Petition, and the declaration of James H. Power attesting to the necessity for relief by Order to Show Cause; and it appearing that this Order to Show Cause is necessary and beneficial to the Petitioner and the Foreign Debtor; and it appearing that no notice of this Order to Show Cause need to be given, except as provided herein; and after due deliberation and sufficient cause appearing therefor, this Court finds and concludes that a showing has been made as follows:

(a)     There is a substantial likelihood of success that the Petitioner will be able to demonstrate that the Foreign Debtor is subject to the Singapore Proceeding and that the Petitioner is the foreign representative of the Foreign Debtor;

---

[1] Capitalized terms not defined in this Order shall have the meanings given to them in the Application.

(b) The commencement or continuation of any action or proceeding in the United States against the Petitioner, in connection with its representation of the Foreign Debtor, the Foreign Debtor, or any of its assets or proceeds thereof should be temporarily restrained pursuant to sections 105(a)and 1519 of the Bankruptcy Code and Fed.R.Civ.P. 65(b) to permit the expeditious and economical administration of the Foreign Debtor's estate in the Singapore Proceeding, and the relief requested either will not cause an undue hardship or any hardship to parties in interest is outweighed by the benefits;

(c) There is a material risk that the Foreign Debtor may suffer cognizable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court enter this Order;

(d) The interest of the public will be served by this Court's entry of this Order;

(e) The Petitioner, in connection with its representation of the Foreign Debtor, and the Foreign Debtor are entitled to the full protections and rights afforded pursuant to section 1519(a)(l)-(3) of the Bankruptcy Code; and

(f) Venue is proper in this District pursuant to 28 U.S.C, § 1410.

**NOW THEREFORE, IT IS HEREBY**

ORDERED, that all parties in interest come before the Honorable James M. Peck, United States Bankruptcy Judge for the Southern District of New York, for a hearing (the "Hearing") at 10:00 a.m. on January 15, 2009, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Room 601, One Bowling Green, New York, New York 10004, to show why a continued temporary restraining order should not be granted:

(i) enjoining all persons and entities from commencing or continuing any legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or

regulatory action, proceeding or process whatsoever), including any discovery, or taking any other action (each, an "Action") against the Petitioner, in connection with its representation of the Foreign Debtor, the Foreign Debtor, or its United States assets or the proceeds thereof, rights, obligations, or liabilities;

(ii) enjoining the enforcement of any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Petitioner, in connection with its representation of the Foreign Debtor, the Foreign Debtor, or its United States assets or the proceeds thereof;

(iii) enjoining the commencement or continuation of any action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Foreign Debtor or against any of its assets or the proceeds thereof; provided, however, that no Action described in sections 555, 556, 557, 559, 560, 561, 562 and 1519 (d) and (f) of the Bankruptcy Code shall be enjoined by such provisional relief (the "Excepted Actions"); and

ORDERED, that except with respect to Excepted Actions, pending the Hearing, all persons and entities are hereby temporarily restrained from (i) continuing any Action or commencing any Action involving the Petitioner, in connection with its representation of the Foreign Debtor, or relating to the Foreign Debtor, or its United States assets or the proceeds thereof, rights, obligations, or liabilities; (ii) enforcing or taking any steps to enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Petitioner, in connection with its representation of the Foreign Debtor, or the Foreign Debtor, or its United States assets or the proceeds thereof; or (iii) commencing or continuing any Action to create, perfect or enforce any lien, setoff, or other claim against the Foreign Debtor or against any of its property or the proceeds thereof; and it is further

ORDERED, that pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), no notice to any person is required prior to entry and issuance of this Order; and it is further

ORDERED, that any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than one (1) business day's notice to the United States counsel for the Petitioner, seeking an order for such relief, and any such request shall be the subject matter of a hearing scheduled by the Court; and it is further

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that copies of the Petition and supporting papers shall be served upon (a) the Office of the United States Trustee, (b) any known party in interest, and (c) any party in interest that becomes known to the Petitioner by overnight courier within two (2) business days following the time any such party is identified by the Petitioner; and it is further

ORDERED, that the Petition and supporting papers shall also be made available by the Petitioner upon request of Holland & Knight LLP, 195 Broadway, New York, New York 10007 (Attn.: Barbra R. Parlin, Esq.), as counsel to the Petitioner; and it is further

ORDERED, that, objections, if any, submitted for the purpose of opposing the Petitioner's request for provisional relief on the terms described above must be made in writing describing the basis therefore and shall be filed with this Court electronically in accordance with General Order M-182 by registered users of the Court's Portable Document Format (PDF), Word Perfect, or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable James M. Peck, and served upon counsel to the Petitioner, Holland & Knight

LLP, 195 Broadway, New York, New York 10007, Attn.: Barbra R. Parlin, Esq., so as to be received on or before January 14, 2009 at 2:00 p.m. (New York Time); except that the foregoing is without prejudice to the right of any party in interest to seek, upon appropriate notice and hearing, to terminate or otherwise modify the provisional relief.

Dated: New York, New York
      January 7, 2009

                                            _/s/ James M. Peck_____
                                            UNITED STATES BANKRUPTCY JUDGE

# 5923003_v1